**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RYAN MAYS,<br><br>        Plaintiff,<br><br>v.<br><br>THE ALBERT M. "BO" ROBINSON ASSESSMENT & TREATMENT CENTER, et al.<br><br>        Defendants. | Civil Action No. 17-4352 (MAS)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court based on the Order to Show Cause entered by the Court to address non-party William Moleins' failure to appear at his subpoenaed deposition after being ordered to do so by the Court. The Court addresses this issue on a Report and Recommendation basis pursuant to FED.R.CIV.P. ("Rule") 72(b)(1) because of the nature of the sanction being imposed. For the reasons that follow, it is respectfully recommended that the District Court enter an Order to Show Cause requiring Mr. Moleins to appear on a date certain to show cause before the District Court why he should not be held in contempt pursuant to Rule 45(g) and required to reimburse Plaintiff's attorney fees in the amount of $2,500.00.

    **I.    Discussion**

Pursuant to Rule 45(g), "[t]he court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The undersigned's contempt power is outlined in 28 U.S.C. § 636(e). In a case such as this, in which the parties have not consented to the magistrate judge's jurisdiction, the Magistrate Judge "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to

appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6). After the Magistrate Judge so certifies, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

"'The certification of facts under Section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" *Cupolex Building Systems, USA, LLC v. Varsity Slab Solutions*, Civil Action No. 16-3200 (CCC), 2018 WL 4922362, at *1 (D.N.J. July 6, 2018) (quoting *Brother v. BFP Inves., Ltd.*, No. Civ. A. 03-60129, 2010 WL 2978077, at * (S.D. Fla. June 1, 2010). "In order to establish that a party is liable for civil contempt, the moving party must prove three 'elements: (1) that a valid order of the court existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor] disobeyed the order.'" *Secretary of Labor v. Altor, Inc.*, 783 Fed.Appx. 168, 171 (3d Cir. 2019) (quoting *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (quotation marks omitted)). "These 'elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt.'" *Id*. (quoting *John T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quotation marks omitted)).

In accordance with 28 U.S.C. § 636(e), the Court certifies the following facts to the District Court:

1. On August 6, 2019, Plaintiff served a subpoena personally on William Moleins, requiring Mr. Moleins to appear for a deposition on September 10, 2019. Docket Entry No. 44-1.

2. After Mr. Moleins failed to appear at his subpoenaed deposition, Plaintiff wrote the Court requesting an Order compelling Mr. Moleins' attendance. Docket Entry No. 43.

3. On October 1, 2019, the Court entered an Order requiring Mr. Moleins to appear for a deposition on November 7, 2019 at The Law Offices of Marshall, Dennehey, Warner, Coleman & Goggin, located at 15000 Midlantic Drive, Suite 200, Mt. Laurel, New Jersey 08054. Docket Entry No. 45.

4. Plaintiff served a copy of the Court's Order of October 1, 2019 and served an updated subpoena personally on Mr. Moleins on October 9, 2019. Docket Entry No. 48-2.

5. On November 29, 2019, after Mr. Moleins, again, failed to appear at his scheduled deposition, Plaintiff wrote the Court requesting that Mr. Moleins be held in contempt and that attorney fees be imposed against Mr. Moleins in the amount of $2,500.00 for counsel's time, travel and court reporter expenses. Docket Entry No. 47.

6. On December 10, 2019, the Court entered a Letter Order to Show Cause requiring Mr. Moleins to both appear in Court on January 23, 2020 to show cause why he should not be held in contempt and ordered to reimburse Plaintiff's attorney fees, as well as to submit a written explanation regarding his failure to appear at his subpoenaed depositions no later than January 10, 2020. Docket Entry No. 49. In the Letter Order to Show Cause, the Court directed the Clerk to send a copy of the Order to Mr. Moleins by both regular mail and certified mail, return receipt requested. There has been no indication that Mr. Moleins failed to receive notice of the Letter Order to Show Cause.

7. Mr. Moleins failed to submit the required written explanation and also failed to appear at the Order to Show Cause held on January 23, 2020.

**II.    Analysis**

As noted above, a Plaintiff seeking the entry of a contempt order must show by clear and convincing evidence "(1) that a valid order of the court existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor] disobeyed the order." *Secretary of Labor v. Altor, Inc.*, 783 Fed.Appx. at 171 (3d Cir. 2019) (internal quotation marks and citation omitted). The Court finds that Plaintiff has satisfied these elements.

Here, at least three valid court orders exist. First, "a subpoena is a valid order of the court." *Cupolex*, 2018 WL 4922362, at *3 (citing *Waste Conversion, Inc. v. Rollins Envtl. Servs.*, 893 F.2d 605, 608-09 (3d Cir. 1990)). Rule 45(a) sets forth the general requirements of a subpoena. Based on the evidence before the Court, Plaintiff's subpoena satisfies these requirements and is facially valid. Second, on October 1, 2019, the Court entered an Order requiring Mr. Moleins to appear

for a deposition on November 7, 2019. This Order is likewise facially valid. Third, on December 10, 2019, the Court entered a Letter Order to Show cause requiring Mr. Moleins to both submit a written explanation regarding his failure to appear at his scheduled deposition, and to appear in person to show cause why he should not be held in contempt and required to reimburse Plaintiff's attorney fees. As with Plaintiff's subpoena and the Court's Order of October 1, 2019, the Letter Order to Show Cause is facially valid.

Further, there is clear and convincing evidence that Mr. Moleins was served with the aforementioned orders. In this regard, Mr. Moleins was personally served with Plaintiff's original subpoena on August 6, 2019. *See* Proof of Service, Docket Entry No. 44-1. Similarly, on October 9, 2019, Mr. Moleins was personally served with the Court's Order of October 1, 2019 as well as an updated subpoena. *See* Proof of Service, Docket Entry No. 48-2. Third, the undersigned directed the Clerk of the Court to serve Mr. Moleins with its Letter Order to Show Cause of December 10, 2019 by sending a copy of same to Mr. Moleins by both regular mail and certified mail, return receipt requested. The Court has received no indication from the postal service or any other source that Mr. Moleins failed to receive the mailed Letter Order to Show Cause. Thus, Plaintiff has established by clear and convincing evidence that Mr. Moleins has knowledge of the valid orders entered in this case.

Finally, the Court finds that Mr. Moleins disobeyed the Court's Orders. Given that he had knowledge of the subpoena, the Court's Order of October 1, 2019 and the Court's Letter Order to Show Cause of December 10, 2019, Mr. Moleins was obligated to comply. Generally, a non-party, like Mr. Moleins, cannot be held in contempt "as long as [he] took all reasonable steps to comply." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1324 (3d Cir. 1995). However, given that Plaintiff established by clear and convincing evidence that Mr. Moleins violated this Court's Orders, the

burden shifts to Mr. Moleins to offer proof of compliance beyond "a mere assertion of inability" to comply. *Id*. At this juncture, there is no evidence that Mr. Moleins made any effort to comply with the Court's Orders. Instead, to date, he has failed to respond or comply in any way. As such, the Court finds that clear and convincing evidence exists to support that Mr. Moleins was served with at least three valid court orders, had knowledge of these orders and repeatedly disobeyed and disregarded them.

### III. Conclusion

In light of the foregoing, and the Court having considered this matter pursuant to Rule 78;

IT IS on this 13th day of February, 2020,

RECOMMEND that the District Court issue an Order to Show Cause to non-party William Moleins to appear at a date certain before the District Court to show cause during a hearing why he should not be held in contempt of Court for failing to comply with (1) the subpoena served by Plaintiff on August 6, 2019; (2) the Court's Order of October 1, 2019 (Docket Entry No. 45); and (3) the Court's Letter Order to Show Cause of December 10, 2019 (Docket Entry No. 49), and required to reimburse Plaintiff's attorney fees in the amount of $2,500.00; and it is

ORDERED that the Clerk of Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to FED.R.CIV.P. 72(b)(2) any party, as well as non-party William Moleins, who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Mr. Moleins by both regular and certified mail, return receipt requested at the following address:

> Mr. William Moleins
> 24 Lenox Drive
> Hainsport, NJ 08036.

                                                   <u>s/Tonianne J. Bongiovanni</u>
                                                   **HONORABLE TONIANNE J. BONGIOVANNI**
                                                   **UNITED STATES MAGISTRATE JUDGE**