**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RYAN MAYS,

               Plaintiff,

          v.

THE ALBERT M. "BO" ROBINSON ASSESSMENT & TREATMENT CENTER, *et al.*,

               Defendants.

Civil Action No. 17-4352 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

    This matter comes before the Court upon two motions: (1) Defendant Lamar Norman's ("Norman") Motion for Summary Judgment (ECF No. 114); and (2) Defendants Community Education Centers, Inc. ("Community Education") and The Albert M. "Bo" Robinson Assessment & Treatment Center's ("Robinson," collectively with Community Education, "Robinson Defendants," and collectively with Community Education and Norman, "Defendants") Motion for Summary Judgment (ECF No. 116). Plaintiff Ryan Mays ("Plaintiff") opposed both motions (ECF Nos. 120, 121), and Defendants replied (ECF Nos. 122, 123). This dispute arises out of an alleged sexual assault perpetrated on Plaintiff who was housed at Robinson, a halfway house on June 7, 2015, by Norman, an operations counselor, at Robinson. (Norman's Statement of Material Facts ("NSOF") NSOF ¶ 1, ECF No. 114-2; Plaintiff's Responsive Statement of Material Facts to Norman's Statement of Facts ("PNSOF") PNSOF ¶ 1, ECF No. 130.)

    In his motion for summary judgment, Norman argues, among other things, that he was a private employee and not a state actor, and that the alleged conduct was a private, not state action. (Norman's Moving Br. 3-11, ECF No. 114-1.) The Court, having thoroughly reviewed the record

and the parties' briefing on the issue, finds good cause to order supplemental briefing on the state actor issue. The parties are hereby ordered to provide supplemental briefing as to: (1) what Plaintiff's custodial status was at the time of the incident (i.e., was he on parole, in rehab, serving a sentence of incarceration, etc.); (2) whether or not Norman was a state actor; and (3) what the implication is if the Court finds that Norman was or was not a state actor on Plaintiff's claims against Robinson Defendants.

The Court cautions the parties that, in such briefing, when citing to the record, the citations should include page numbers or pincites and that they should not cite to an entire transcript or exhibit. *See Ganz v. Home Depot U.S.A. Inc.*, No. 17-6805, 2019 WL 7187405, at *1 n.2 (D.N.J. Dec. 26, 2019) ("[J]udges are not like pigs, hunting for truffles buried in the record." (quoting *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 (3d Cir. 2006)). Accordingly,

**IT IS**, on this 28th day of May 2026, **ORDERED** as follows:

1.  Norman's Motion for Summary Judgment (ECF No. 114) and Robinson Defendants' Motion for Summary Judgment (ECF No. 116) are administratively terminated pending supplemental briefing.

2.  The parties shall each file supplemental briefing addressing the following issues: (1) what Plaintiff's custodial status was at the time of the incident (i.e., was he on parole, in rehab, serving a sentence of incarceration, etc.); (2) whether or not Norman was a state actor; and (3) what the implication is if the Court finds that Norman was or was not a state actor on Plaintiff's claims against Robinson Defendants.

3.  Such briefing shall be filed by **June 26, 2026**. No response or reply briefing is permitted. The Court will reinstate Defendants' Motions once the parties have filed their supplemental briefing.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

2